IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRANCE REGINALD BROWN, § | |
| #57393-177, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:22-cv-01574-S (BT) |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Terrance Reginald Brown, a federal prisoner, filed a *pro se* petition for a writ of mandamus under 28 U.S.C. § 1361, seeking to direct the Government to "remove USSG 2D1.1(b)(5) from [his federal] sentence." Pet. 10 (CV ECF No. 3). For the following reasons, the Court should deny Brown's petition.

## Background

Brown pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). As part of Brown's plea agreement, he waived his right to appeal or otherwise challenge his sentence except in very limited circumstances. (CR ECF No. 169 at 6.)[1]

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the underlying criminal action, case number 3:18-cr-00323-N-3, and "CV ECF" refers to this civil action, case number 3:22-cv-01574-S-BT.

1

The Presentence Report (PSR) calculated Brown's base offense level to be 34 because the offense involved one kilogram of methamphetamine. (PSR ¶ 25) (citing U.S.S.G. § 2D1.1(c)(3)). Because the methamphetamine was imported directly from Mexico, (PSR ¶ 26); *see also* Reply 9 (CV ECF No. 20) (arguing there is no evidence he knew the methamphetamine was imported), the PSR included a two-level enhancement under U.S.S.G. § 2D1.1(b)(5). (PSR ¶ 26.) The PSR also awarded Brown credit for acceptance of responsibility. (PSR ¶¶ 32-33.) The PSR concluded Brown's total offense level was 33, (PSR ¶ 34).

Brown's attorney, Jeffery Charles King, objected to the base offense level and the two-level enhancement under § 2D1.1(b)(5). *See* (CR ECF No. 267 at 1-2). But in a PSR addendum, the probation officer recommended overruling both objections. *See* (CR ECF No. 280-1 at 1-2). In support, the probation officer noted, "[Brown] stipulated in his Factual Resume that he received the methamphetamine from coconspirator Aguirre-Chavez, [and] [a]s noted in the [PSR], Aguirre-Chavez received methamphetamine from sources of supply in Mexico." *Id.*

At sentencing, King pursued both objections. (CR ECF No. 384 at 4-5.) On July 8, 2019, the District Court sustained King's objection to Brown's base offense level and overruled King's objection to the sentencing enhancement under § 2D1.1(b)(5). *Id.* at 11. The District Court determined that Brown's total offense level was 29, his criminal history category was IV,

2

and his advisory guideline range was 121 to 151 months' imprisonment. *Id.* The District Court sentenced Brown to 130 months' imprisonment. *Id.*; *see also* J. (CR ECF No. 298).

Brown appealed and raised one issue in which he challenged the District Court's application of the sentencing enhancement under § 2D1.1(b)(5). *United States v. Brown*, No. 19-10854, Brief of Defendant-Appellant Terrance Reginald Brown, 2019 WL 6271224, at *8-20 (5th Cir. Nov. 20, 2019). Over Brown's objection, the Fifth Circuit Court of Appeals dismissed his appeal on the basis that he had waived his right to raise the challenge to his sentence. *United States v. Brown*, No. 19-10854, Order (5th Cir. Feb. 18, 2020) (per curiam).

Brown then filed this petition for a writ of mandamus, seeking to compel the Government to "remove" § 2D1.1(b)(5) from his sentence. Pet. 10 (CV ECF No. 3). Brown argues that "he is not subject to the 2 point enhancement due to having any co-defendants and is not a co-conspirator." *Id.* at 1. The Court liberally construed Brown's action as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (CV ECF No. 5 at 1) (citing *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (recognizing *pro se* pleadings "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks omitted). The Court recharacterized Brown's action as a first § 2255 motion and gave him the proper warnings under *Castro v. United States,*

3

540 U.S. 375 (2003). (CV ECF No. 5 at 1-2.) The Court also gave Brown an opportunity to withdraw his § 2255 motion or amend it to include all his claims. *Id.* at 2. Brown responded that the Court's recharacterization of this action as a § 2255 motion was a mistake. (CV ECF No. 6.) Brown explained that he was attempting to file a petition for a writ of mandamus "to compel the government to remove 2 point enhancement construed with USSG 2D1.1(b)(5)," and he was "prejudiced by the Courts [sic] order[.]" *Id.* at 1. Brown also conceded that he waived his right to collaterally attack his judgment in the plea agreement. *Id.* at 3-4 (recognizing he "is prevented from filing a § 2255 motion due to signing a plea agreement which binds such relief from being sought after"). Thereafter, the Court issued an order directing Respondent to show cause and recognized that this action is a petition seeking mandamus relief under § 1361. (CV ECF No. 10.)

The Government responds that Brown's petition should be denied because he has failed to demonstrate that any of the three requirements to secure mandamus relief have been met. Brown filed a reply (CV ECF No. 20), in which he argues there is "no genuine issue of material fact," and he is entitled to judgment as a matter of law. His claims are fully briefed and ripe for determination.

**Legal Standards and Analysis**

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States

or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The common law writ of mandamus, codified in § 1361, "is intended to provide a remedy for a [petitioner] only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). A court's "power to review agency decisions and to issue mandamus relief 'is limited to extraordinary circumstances where the [petitioner] can demonstrate [1] it has a clear right to relief, [2] the [respondent] a clear duty to act, and [3] that no adequate alternative remedy exists.'" *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (quoting *Randall D. Wolcott, M.D., P.A, v. Sebelius*, 635 F.3d 757, 774 (5th Cir. 2011)); *accord Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992); *see also In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008) (quoting *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005)). "These hurdles, however demanding, are not insuperable." *In re 2920 ER, L.L.C.*, 607 F. App'x 349, 352 (5th Cir. 2015) (per curiam) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)). Even if the three elements are met, the decision whether to issue the writ remains in the court's discretion due to "the extraordinary nature of the remedy." *Wolcott*, 635 F.3d at 768; *see also Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (recognizing mandamus relief is a "drastic" remedy reserved for "extraordinary situations"); *In re Corrugated Container Antitrust Litig. v. Mead Corp.*, 614 F.2d 958, 961-62 (5th Cir.

1980) (mandamus "is an extraordinary remedy for extraordinary causes") (internal quotations omitted).

Here, Brown has failed to demonstrate that he can satisfy any of the three prerequisites to the issuance of mandamus relief. Under the first two elements, Brown cannot show that his right to mandamus relief is clear and indisputable or that the Government has a clear duty to act. *See Mendoza-Tarango*, 982 F.3d at 402; *see also Sebelius*, 635 F.3d at 774. Brown wants the Court to "compel" the Government to remove the sentencing enhancement under § 2D1.1(b)(5) from the calculation of his advisory guideline range, *see* Pet. 9-10 (CV ECF No. 3); Mot. 6, 11 (CV ECF No. 20) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and arguing: (1) he did not admit to importation; (2) a jury was required to find the sentencing enhancement was applicable; and (3) no reasonable jury could return a guilty verdict). But it was the District Court, not the Government, that determined the applicability of the enhancement and calculated Brown's advisory guideline range. *See United States v. Thompson*, 358 F. App'x 527, 528 (5th Cir. 2009) (per curiam) (recognizing "the district court must [ ] properly calculate the guideline-sentencing range for use in deciding the sentence to impose") (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Brown is factually mistaken when he suggests that the Government enhanced his sentence. For these reasons, Brown cannot compel the Government to remove the sentencing enhancement under § 2D1.1(b)(5).

Furthermore, the District Court found Brown was buying methamphetamine that had been imported directly from Mexico by a coconspirator. (PSR ¶¶ 14-16, 18-19, 26); *see also* (CR ECF No. 299) (adopting the PSR with an unrelated change to the base offense level). The District Court therefore properly applied the enhancement under § 2D1.1(b)(5). *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014) (holding "distribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement") (citing *United States v. Rodden*, 481 Fed. App'x. 985, 985 (5th Cir.2012) ("The fact that the methamphetamine was imported was enough to warrant the enhancement."); *United States v. Biao Huang*, 687 F.3d 1197, 1206 (9th Cir.2012) ("[A] defendant need not be personally involved in the importation of illegal drugs to receive an enhancement under § 2D1.1(b)(5); it is enough for the government to show that the drugs were imported.")).

In Brown's plea agreement, he acknowledged that he understood the Court would impose his sentence "after consideration of the United States Sentencing Guidelines," and "no one," not even counsel for the Government, could predict with any certainty the Court's computation of the guidelines. (CR ECF No. 169 at 3.) The plea agreement was clear that the District Court alone would calculate Brown's advisory guideline range upon conviction,

and he cannot now show that the plea agreement was breached by enhancing his sentence under § 2D1.1(b)(5).

Finally, with respect to the third element, Brown cannot demonstrate that no adequate alternative remedies exist. *See Mendoza-Tarango*, 982 F.3d at 402; *Sebelius*, 635 F.3d at 774. "The appeals process provides an adequate remedy in almost all cases, even where defendants face the prospect of an expensive trial." *In re Depuy Orthopaedics,* Inc., 870 F.3d 345, 352 (5th Cir. 2017); *see also In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 288 (5th Cir. 2015) ("Even though the defendant may be required to engage in a costly and difficult trial and expend considerable resources before the court enters an appealable judgment, those unrecoverable litigation costs are not enough to make this means of attaining relief inadequate."). Mandamus is only appropriate when an error is "irremediable on ordinary appeal." *In re Depuy,* 870 F.3d at 353. Brown previously appealed the District Court's application of the sentencing enhancement under § 2D1.1(b)(5). *See United States v. Brown*, No. 19-10854, Order (5th Cir. Feb. 18, 2020). Brown also has not previously collaterally attacked his sentence under § 2255, so he can attempt to pursue a collateral attack. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2255 motion, by contrast, 'provides the primary means of collateral attack on a federal sentence.'") (quoting *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990)); *see also Hammoud v. Ma'at*, 49 F.4th 874, 878 (5th

8

Cir. 2022) (quoting *Pack,* 218 F.3d at 451). Brown argues that he filed his petition for writ of mandamus a "year" beyond the one-year statute of limitations contained in § 2255(f). Mot. 9-10 (CV ECF No. 20). Brown further argues that a collateral attack would fail because he waived his right to file one. (CV ECF No. 6 at 3-4). But Brown's belief that a collateral attack under § 2255 would be meritless does not demonstrate there is no adequate alternative remedy. *See Brunet v. United States,* 788 F. App'x 974, 975 (5th Cir. 2019) (per curiam) (affirming the district court's order denying a petition for a writ of mandamus where the plaintiff failed to pursue his opportunity to appeal the conviction and sentence he was challenging, and he had the option of seeking postconviction relief). There are other means by which Brown can challenge the District Court's application of the sentencing enhancement under § 2D1.1(b)(5). Thus, Brown has failed to show that there are no adequate alternative remedies available to him.

To the extent Brown's reply could be construed as a summary judgment motion under Rule 56 of the Federal Rules of Civil Procedure, it should be denied. For the reasons set forth above, Brown has not shown he is entitled to mandamus relief.

### Recommendation

The Court should DENY Brown's petition for writ of mandamus under 28 U.S.C. § 1361.

Signed September 7, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).